No. 21-60626

# In the United States Court of Appeals for the Fifth Circuit

---

ALLIANCE FOR FAIR BOARD RECRUITMENT,

*Petitioner*,

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

---

On Petition for Review of an Order of the
Securities and Exchange Commission

---

## THE NASDAQ STOCK MARKET LLC'S UNOPPOSED MOTION TO INTERVENE

---

John Zecca
Jeffrey S. Davis
John Yetter
Joanne Pedone
THE NASDAQ STOCK MARKET LLC
805 King Farm Boulevard
Rockville, Maryland 20850

Burt M. Rublin[†]
Stephen J. Kastenberg[†]
Paul Lantieri III[†]
Peter F. Andrews[†]
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania 19103

Allyson N. Ho
Bradley G. Hubbard
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas 75201
Telephone: (214) 698-3100

Amir C. Tayrani
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036

*Counsel for The Nasdaq Stock Market LLC*

---

[†] Application for admission to the Fifth Circuit forthcoming.

CERTIFICATE OF INTERESTED PERSONS

No. 21-60626, *Alliance for Fair Board Recruitment v.
Securities and Exchange Commission*

The undersigned counsel of record certifies that the following listed persons or entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

| Petitioner | Counsel for Petitioner |
|---|---|
| Alliance for Fair Board Recruitment | C. Boyden Gray<br>Jonathan Berry<br>R. Trent McCotter<br>Michael Buschbacher<br>Jordan E. Smith<br>BOYDEN GRAY & ASSOCIATES<br>801 17th Street, N.W. Suite 350<br>Washington, D.C. 20006 |
| **Respondent** | **Counsel for Respondent** |
| Securities and Exchange Commission | Michael A. Conley<br>Vanessa A. Countryman<br>Tracey A. Hardin<br>Daniel E. Matro<br>U.S. SECURITIES & EXCHANGE COMMISSION<br>100 F Street, N.E.<br>Washington, D.C. 20549 |
| **Intervenor** | **Counsel for Intervenor** |
| The Nasdaq Stock Market LLC | Allyson N. Ho<br>Bradley G. Hubbard<br>GIBSON, DUNN & CRUTCHER LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, Texas 75201 |

| | |
|---|---|
| Nasdaq, Inc.<br>   (The Nasdaq Stock Market LLC's<br>   parent company)<br><br>Borse Dubai Limited<br>   (owns more than 10 percent of<br>   Nasdaq, Inc.'s shares)<br><br>Investor AB<br>   (owns more than 10 percent of<br>   Nasdaq, Inc.'s shares) | Amir C. Tayrani<br>GIBSON, DUNN & CRUTCHER LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, D.C.  20036<br><br>John Zecca<br>Jeffrey S. Davis<br>John Yetter<br>Joanne Pedone<br>THE NASDAQ STOCK MARKET LLC<br>805 King Farm Boulevard<br>Rockville, Maryland  20850<br><br>Burt M. Rublin<br>Stephen J. Kastenberg<br>Paul Lantieri III<br>Peter F. Andrews<br>BALLARD SPAHR LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, Pennsylvania  19103 |

Respectfully submitted,

/s/ *Allyson N. Ho*
Allyson N. Ho
*Counsel of Record*

**THE NASDAQ STOCK MARKET LLC'S UNOPPOSED MOTION TO INTERVENE**

Nasdaq respectfully moves for leave to intervene in support of Respondent, the U.S. Securities and Exchange Commission ("Commission"), pursuant to Federal Rule of Appellate Procedure 15(d). Both parties—the Alliance for Fair Board Recruitment and the Commission—have advised that they do not oppose Nasdaq's motion. Nasdaq easily satisfies the standard for intervention because it has a direct, substantial, and unique interest in this case, which involves the Commission's approval of two significant Nasdaq listing rules regarding diversity on the boards of directors of Nasdaq-listed companies.

## BACKGROUND

Nasdaq is a private, self-regulatory organization registered as a national securities exchange with the Commission. Nasdaq-listed companies voluntarily choose to associate with Nasdaq by listing their stock for trading on the Nasdaq Stock Market and by agreeing to abide by Nasdaq's listing rules.

If Nasdaq wants to adopt or amend a rule, it must file the proposed rule changes with the Commission. 15 U.S.C. § 78s(b)(1). The Commission must then approve or disapprove them. 15 U.S.C. § 78s(b)(2). If the

Commission approves a proposed rule change, a person "adversely affected" by the rule may file "a written petition requesting that the rule be set aside." 15 U.S.C. § 78y(b)(1).

In early December 2020, Nasdaq filed the proposed rules at issue here with the Commission, and they were published for comment in the *Federal Register* in mid-December. *See* Notice of Filing of Proposed Rule Change to Adopt Listing Rules Related to Board Diversity, Exchange Act Release No. 90,574 (Dec. 4, 2020), 85 Fed. Reg. 80,472 (Dec. 11, 2020); Notice of Filing of Proposed Rule Change to Adopt Listing Rule IM-5900-9 to Offer Certain Listed Companies Access to a Complimentary Board Recruiting Solution to Help Advance Diversity on Company Boards, Exchange Act Release No. 90,571 (Dec. 4, 2020), 85 Fed. Reg. 79,556 (Dec. 10, 2020).

One of the rules at issue requires most Nasdaq-listed companies, after a transition period, to: (1) provide statistical information regarding diversity among the members of their boards of directors; and (2) have, or explain why they do not have, at least two diverse directors, including one who self-identifies as female and one who self-identifies as either an underrepresented minority or LGBTQ+. The other rule allows Nasdaq

to offer certain listed companies access to a complimentary board recruiting service to help advance diversity on company boards.

In its filing, Nasdaq reported that it

undertook extensive research and analysis and has concluded that the [rules] will fulfill the objectives of the [Exchange] Act in that [they are] designed to remove impediments to and perfect the mechanism of a free and open market and a national market system, to prevent fraudulent and manipulative acts and practices, and to protect investors and the public interest.

Board Diversity Proposal, 85 Fed. Reg. at 80,473, 80,745 (setting forth the statutory bases for Nasdaq's proposal); Board Recruiting Service Proposal, 85 Fed. Reg. at 79,558 (same). After the Commission extended the period for public comment on the proposed rules, Nasdaq filed amended proposed rules. *See* Notice of Amendments to Board Diversity Proposal and Board Recruiting Service Proposal, Exchange Act Release No. 91,286 (Mar. 10, 2021), 86 Fed. Reg. 14,484 (Mar. 16 2021).[1]

Nasdaq also submitted two substantive letters responding to legal and factual arguments made by commenters about the proposed rules.

---

[1] *See also* Notice of Designation of a Longer Period for Commission Action on Board Diversity Proposal, Exchange Act Release No. 90,951 (Jan. 19, 2021), 86 Fed. Reg. 7,135 (Jan. 26, 2021); Notice of Designation of a Longer Period for Commission Action on Board Recruiting Service Proposal, Exchange Act Release No. 90,952 (Jan. 19, 2021), 86 Fed. Reg. 7,148 (Jan. 26, 2021).

*See* Letter on Behalf of Nasdaq from Stephen J. Kastenberg, Ballard Spahr LLP, to Vanessa Countryman, Commission Secretary (Feb. 5, 2021);[2] Letter from John A. Zecca, Nasdaq Executive Vice President, Chief Legal Officer & Chief Regulatory Officer, to Vanessa Countryman, Commission Secretary (Feb. 26, 2021).[3]

The Commission issued its Order approving the rules on August 6, 2021. *See* Order Approving Proposed Rule Changes to Adopt Listing Rules Related to Board Diversity and to Offer Certain Listed Companies Access to a Complimentary Board Recruiting Service, Exchange Act Release No. 92,590 (Aug. 6, 2021), 86 Fed. Reg. 44,424 (Aug. 12, 2021) ("Order"). Alliance for Fair Board Recruitment filed its petition for review on August 9, 2021.

---

[2] https://www.sec.gov/comments/sr-nasdaq-2020-081/srnasdaq2020081-8343758-228925.pdf.

[3] https://www.sec.gov/comments/sr-nasdaq-2020-081/srnasdaq2020081-8425992-229601.pdf.

**ARGUMENT**

## I.  Nasdaq easily satisfies the standard for intervention as of right.

A proposed intervenor as of right must show that

(1) it timely applied;

(2) it has an interest relating to the property or transaction that is the subject of the case;

(3) disposition of the case may practically impair or impede its ability to protect its interest; and

(4) it is inadequately represented by the existing parties.

*Adam Joseph Res. (M) Sdn. Bhd. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019).  Nasdaq satisfies each requirement.

*First*, intervention is timely.  This motion was filed within 30 days of the petition for review.  *See* Fed. R. App. P. 15(d).  And no briefing schedule has yet been set in this case, *see* 5th Cir. R. 15.5, so Nasdaq's intervention would not result in any delay.

*Second*, Nasdaq has a substantial interest in the subject of this case.  While the Commission ultimately approved the rules, *see* Order 4, 82, 86 Fed. Reg. at 44,425, 44,445, Nasdaq itself developed the rules and will be responsible for implementing and enforcing them.  *See* 15 U.S.C. § 78s(b).  That is why courts routinely allow Nasdaq and the New York

5

Stock Exchange to intervene when, as here, a petitioner seeks review of the Commission's approval of a rule proposed by a self-regulatory organization or other Commission action that affects the interests of Nasdaq or NYSE. *See*, *e.g.*, Order, *Sec. Indus. & Fin. Mkts. Ass'n v. SEC*, No. 09-1045 (D.C. Cir. Mar. 20, 2009) (granting Nasdaq's and NYSE's motions to intervene); Order, *Chi. Bd. Options Exch., Inc. v. SEC*, No. 16-3423 (7th Cir. Oct. 14, 2016) (granting Nasdaq's motion to intervene); Order, *Domestic Sec., Inc. v. SEC*, No. 02-1308 (D.C. Cir. Nov. 8, 2002) (same); Order, *Orbixa Techs., Inc. v. SEC*, No. 13-4636 (2d Cir. Feb. 7, 2014) (granting NYSE's motion to intervene).

*Third*, and relatedly, the Court's disposition of this challenge to the Nasdaq rules at issue could affect or impair Nasdaq's ability to protect its interest in its own rules and contractual relationships with its listed companies. The rules are, after all, Nasdaq's rules (albeit Commission approved). Nasdaq has invested a great deal of time and effort in developing the rules, and Nasdaq will be responsible for implementing and enforcing them.

*Fourth*, Nasdaq has its own unique interest in the outcome of this proceeding, which is separate and distinct from the Commission's

interest as Nasdaq's regulator. *See Sierra Club v. Espy*, 18 F.3d 1202, 1207–08 (5th Cir. 1994) (even when the government and the intervenor seek the same outcome, the government's representation of the intervenor's interests may be inadequate because the "government must represent the broad public interest, not just the [intervenor's] economic concerns").

Not only is Nasdaq the entity that developed and will implement and enforce the rules, but the contractual relationships that would be impaired by a successful challenge to the rules are also Nasdaq's. Nasdaq thus easily carries its burden to show that the Commission may not adequately represent Nasdaq's interest in this proceeding. *See City of Houston v. Am. Traffic Sols., Inc.*, 668 F.3d 291, 294 (5th Cir. 2012) (intervenor must show only that its "interests 'may be' inadequately represented").

## II. Alternatively, Nasdaq should be granted permissive intervention.

In the alternative, the Court should permit permissive intervention. Under Federal Rule of Civil Procedure 24(b), permissive intervention may be granted when the intervenor "has a claim or defense that shares with the main action a common question of law or fact." *See*

*Newby v. Enron Corp.*, 443 F.3d 416, 421–23 (5th Cir. 2006).   That standard, too, is easily satisfied.   The factual grounds and legal arguments that the Commission has raised to support its approval of Nasdaq's rules, which are likely to be at issue in this case, are common with Nasdaq's own understanding of the relevant issues of fact and law.

## CONCLUSION

For these reasons, Nasdaq respectfully requests that the Court grant its unopposed motion for leave to intervene either as a matter of right or by permission.

Dated:  September 8, 2021

John Zecca
Jeffrey S. Davis
John Yetter
Joanne Pedone
THE NASDAQ STOCK MARKET LLC
805 King Farm Boulevard
Rockville, Maryland  20850

Burt M. Rublin[†]
Stephen J. Kastenberg[†]
Paul Lantieri III[†]
Peter F. Andrews[†]
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, Pennsylvania  19103

Respectfully submitted,

_/s/ Allyson N. Ho_____
Allyson N. Ho
Bradley G. Hubbard
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Suite 2100
Dallas, Texas  75201
Telephone:  (214) 698-3100
Facsimile:  (214) 571-2971
_aho@gibsondunn.com_

Amir C. Tayrani
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036

COUNSEL FOR THE NASDAQ STOCK MARKET LLC

---

[†]  Application for admission to the Fifth Circuit forthcoming.

**CERTIFICATE OF SERVICE**

I certify that, on September 8, 2021, a true and correct copy of this motion was served via the Court's CM/ECF system on all counsel of record.

*/s/ Allyson N. Ho*
Allyson N. Ho

**CERTIFICATE OF CONFERENCE**

I certify that counsel for Nasdaq conferred with counsel for both parties. Neither is opposed to the relief sought by this motion.

*/s/ Allyson N. Ho*
Allyson N. Ho

**CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with the typeface requirements of Rule 32(a)(5) and the typestyle requirements of Rule 32(a)(6) because this motion was prepared in 14-point New Century Schoolbook, a proportionally spaced typeface, using Microsoft Word 2019. *See* Fed. R. App. P. 27(d)(1), 32(g)(1). This motion complies with the type-volume limitation of Rule 27(d)(2) because it contains 1,401 words, excluding the parts exempted under Rule 32(f).

I further certify that (1) all required privacy redactions have been made, (2) the electronic submission is an exact copy of the paper version, and (3) the motion has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses. *See* 5th Cir. R. 25.2.1, 25.2.13.

/s/ *Allyson N. Ho*
Allyson N. Ho