# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

| | |
|---|---|
| ALLIANCE FOR FAIR BOARD RECRUITMENT,<br>        Petitioner,<br><br>v.<br><br>SECURITIES AND EXCHANGE COMMISSION,<br>        Respondent,<br><br>--------------------------------------------<br><br>NASDAQ STOCK MARKET, L.L.C.,<br><br>        Intervenor. | No. 21-60626 |

### JOINT MOTION TO EXTEND THE BRIEFING SCHEDULE

Pursuant to Fifth Circuit Rules 27 and 31.4, respondent the Securities and Exchange Commission, petitioner Alliance for Fair Board Recruitment, and intervenor Nasdaq Stock Market, L.L.C. ("Nasdaq"), respectfully request that the Court extend the time periods for the filing of briefs in the above-captioned case. None of the parties has previously sought an extension in this matter. The parties request that the briefing schedule be modified as follows:

| | |
|---|---|
| Petitioner's Brief | November 22, 2021 |
| Respondent's Brief | January 21, 2022 |

      Intervenor's Brief                                    January 28, 2022

      Petitioner's Reply Brief                     February 18, 2022

In support of the motion, the parties state the following:

    1. On August 9, 2021, Alliance for Fair Board Recruitment petitioned for review of a final order of the Commission approving proposed rules changes filed by Nasdaq relating to board diversity. *Order Approving Proposed Rule Changes, as Modified by Amendments No. 1, to Adopt Listing Rules Related to Board Diversity and to Offer Certain Listed Companies Access to a Complimentary Board Recruiting Service*, Securities Exchange Act Release No. 92590 (Aug. 6, 2021), published at 86 Fed. Reg. 44,424 (Aug. 12, 2021).

    2. The Commission filed a certified list of the administrative record on September 20, 2021, pursuant to Federal Rule of Appellate Procedure 17. Under the briefing notice issued by the Court on September 22, 2021 and Federal Rule of Appellate Procedure 31(a), Alliance for Fair Board Recruitment's opening brief is due on November 1, 2021; the Commission's response brief is due on December 1, 2021; Nasdaq's response brief is due on December 8, 2021, and Alliance for Fair Board Recruitment's reply brief is due on December 22, 2021.

    3. The parties have conferred and agree that a modified briefing schedule is warranted. Specifically, the parties respectfully request a 21-day (Level 1) extension for Alliance for Fair Board Recruitment's opening brief, a 30-day

(Level 1) extension for the Commission's response brief, and a 7-day extension for Alliance for Fair Board Recruitment's reply brief. If these extensions are granted, Alliance for Fair Board Recruitment's opening brief would be due on November 22, 2021; the Commission's response brief would be due on January 21, 2022; Nasdaq's response brief would be due on January 28, 2022; and Alliance for Fair Board Recruitment's reply brief would due on February 18, 2022.

    4. There is good cause for the requested extension of the briefing schedule. The modified schedule is necessary in light of the range and complexity of the issues presented by the petition, as well as the extensive administrative record. The challenged rule changes have multiple components that were presented by Nasdaq in a 354-page rule filing. In approving those rule changes, the Commission considered over 200 comments, including an extensive comment filed by Alliance for Fair Board Recruitment that raised a wide array of statutory and constitutional issues. Alliance for Fair Board Recruitment's docketing statement filed on September 8, 2021, indicates that it expects to raise many of these issues for review in this Court. The modified schedule will ensure that the parties have adequate time to brief these issues, and to address additional arguments raised by any amici, in a manner most helpful to the Court.

    5. The modified schedule is also necessary to ensure that the Commission has adequate time to prepare and review its brief. The attorneys primarily

responsible for handling this matter for the Commission are the undersigned counsel, Daniel E. Matro, and Tracey A. Hardin. Mr. Matro and Ms. Hardin have primary responsibility for drafting the Commission's brief in a complex rulemaking challenge requiring significant attention that is due on November 19, 2021. *Interfaith Center on Corporate Responsibility et al. v. SEC*, No. 1:21-cv-01620 (D.D.C.). Mr. Matro and Ms. Hardin will also be engaged around the same time in various internal Commission matters that will require substantial time.

6. In addition, the Commission's brief in this matter will require the input of a number of stakeholders within the agency and multiple layers of review due to the nature and significance of the issues raised. The modified briefing schedule will allow sufficient time for the Commission to complete the consultation, drafting, and review process in light of the intervening Thanksgiving and December holidays.

7. This Court has not yet set an oral argument date in this case, and the extensions requested should not unduly disrupt the Court's calendar.

## CONCLUSION

For the foregoing reasons, the parties respectfully request that the Court extend the briefing schedule as outlined above.

| | |
|---|---|
| Dated: September 23, 2021 | Respectfully submitted, |
| /s/ Daniel E. Matro | /s/ Allyson N. Ho |
| MICHAEL A. CONLEY<br>Solicitor | ALLYSON N. HO<br>BRADLEY G. HUBBARD<br>Gibson, Dunn & Crutcher LLP<br>2001 Ross Avenue, Suite 2100<br>Dallas, TX 75201<br>(214) 693-3100 |
| TRACEY A. HARDIN<br>Assistant General Counsel | |
| DANIEL E. MATRO<br>Senior Litigation Counsel<br>Securities and Exchange Commission<br>100 F Street, NE<br>Washington, DC 20549<br>(202) 551-8248 (Matro)<br>matrod@sec.gov | AMIR C. TAYRANI<br>Gibson, Dunn & Crutcher LLP<br>1050 Connecticut Avenue, N.W.<br>Washington, DC 20036 |
| | BURT M. RUBLIN<br>STEPHEN J. KASTENBERG<br>PAUL LANTIERI III<br>PETER F. ANDREWS<br>Ballard Spahr LLP<br>1735 Market Street, 51st Floor<br>Philadelphia, PA 19103 |
| *Counsel for Respondent* | |
| /s/  Jonathan Berry | |
| C. BOYDEN GRAY<br>JONATHAN BERRY<br>R. TRENT MCCOTTER<br>MICHAEL BUSCHBACHER<br>JORDAN E. SMITH<br>Boyden Gray & Associates<br>801 17th St NW, #350<br>Washington, DC 20006<br>(202) 955-0620<br>berry@boydengrayassociates.com | *Counsel for Intervenor* |
| *Counsel for Petitioner* | |

# CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 27(d)(2)(a) because it contains 737 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

I also certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2010 in 14-point Times New Roman font.

/s/ Daniel E. Matro
Daniel E. Matro
Senior Litigation Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-9040
(202) 551-8248
matrod@sec.gov

Dated: September 23, 2021

# **CERTIFICATE OF SERVICE**

I hereby certify that, on September 23, 2021, I electronically filed the foregoing motion with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the Court's CM/ECF system, which will sent notice to all the parties.

/s/ Daniel E. Matro
Daniel E. Matro
Senior Litigation Counsel
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C.  20549-9040
(202) 551-8248
matrod@sec.gov

Dated:  September 23, 2021