**BOYDEN GRAY & ASSOCIATES PLLC**
801 17TH STREET NW, SUITE 350
WASHINGTON, DC 20006
(202) 955-0620

March 15, 2023

Honorable Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re: Rule 28(j) Letter in *Alliance for Fair Board Recruitment v. Securities and Exchange Commission*, No. 21-60626

Mr. Cayce:

The Sixth Circuit in *Oklahoma v. United States* (Ex.A) held that delegating regulatory power to the Horseracing Authority, a private corporation, under the Horseracing Safety and Integrity Act does not violate the nondelegation doctrine because the Federal Trade Commission retains final say over implementation of the statute. Ex.A.2–3. To reach that holding, the court invoked the Securities and Exchange Commission and its relationship with self-regulatory organizations (SROs), explaining that "courts have upheld this arrangement" because "the SEC's ultimate control over the [SROs'] rules and their enforcement makes the SROs permissible aides and advisors." Ex.A.9. The court also cited *Ass'n of American Railroads v. U.S. Department of Transportation* ("*Amtrak I*"), 721 F.3d 666, 671–73 (D.C. Cir. 2013), *vacated on other grounds*, 575 U.S. 43 (2015), for the proposition that an SRO's role is "purely advisory or ministerial." Ex.A.9 (quoting *Amtrak I*, 721 F.3d at 671 n.5).

Because the SEC retains "ultimate control over the rules and their enforcement," and Nasdaq's role as an SRO is "advisory or ministerial," *id.* (cleaned up), the SEC is responsible for Nasdaq rules, *see* AFBR.Br.21–23; AFBR.Reply.Br.6–11. The Constitution therefore applies to those rules and the SEC's decision to approve them. AFBR.Br.21–23; AFBR.Reply.Br.6–11. The SEC cannot hide behind

Nasdaq to avoid constitutional scrutiny. A contrary conclusion would mean Nasdaq operates independent of the SEC, which is not only contrary to the plain terms of the Securities Exchange Act, but would also mean that statute violates the private nondelegation doctrine. AFBR.Reply.Br.11–12.

Respectfully,

/s/ Jonathan Berry
BOYDEN GRAY & ASSOCIATES PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
202-955-0618
berry@boydengrayassociates.com

*Counsel of Record for Petitioner*
*Alliance for Fair Board Recruitment*

cc:  All Counsel