# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

ALLIANCE FOR FAIR BOARD RECRUITMENT, NATIONAL CENTER FOR PUBLIC POLICY RESEARCH,
    *Petitioners*,

v.

SECURITIES AND EXCHANGE COMMISSION,
    *Respondent.*

No. 21-60626

**MOTION TO FILE CORRECTED RULE 28(J) RESPONSE LETTER**

Respondent Securities and Exchange Commission respectfully requests permission to file the attached, corrected response to petitioner Alliance for Fair Board Recruitment's March 15, 2022 Rule 28(j) letter. The response letter filed by the Commission on March 21, 2023, exceeds the word limit for such responses set forth in Rule 28(j) of the Federal Rules of Appellate Procedure. This was an inadvertent error, and the Commission respectfully requests that the Court accept the attached letter, which complies with the Rule 28(j) word limit, in place of the letter filed on March 21, 2023. Counsel for petitioners Alliance for Fair Board Recruitment and National Center for Public Policy Research and intervenor Nasdaq Stock Market, LLC, have confirmed that they consent to this motion.

Dated: March 22, 2023

Respectfully submitted,

/s/ Daniel E. Matro

DANIEL E. MATRO
Senior Appellate Counsel
Securities and Exchange Commission
100 F Street, NE
Washington, DC 20549
(202) 551-8248 (Matro)
matrod@sec.gov

*Counsel for Respondent*



**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

| | |
|---|---|
| **OFFICE OF THE**<br>**GENERAL COUNSEL** | Daniel E. Matro<br>202-551-8248<br>matrod@sec.gov |

March 22, 2023

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   *Alliance for Fair Board Recruitment et al. v. SEC* (No. 21-60626)

Dear Mr. Cayce:

      Respondent Securities and Exchange Commission writes in response to petitioner Alliance for Fair Board Recruitment's letter regarding *Oklahoma v. United States*, No. 22-5487, 2023 WL 2336726 (6th Cir. Mar. 3, 2023).  Contrary to AFBR's assertion, the decision has no bearing on the state action issue in this case.

      In *Oklahoma*, the Sixth Circuit rejected a private non-delegation challenge to a statute that assigns a role to a private entity in a federal regulatory scheme because (1) the entity's proposed rules are subject to a federal agency's approval for consistency with the statute and (2) the statute separately grants the agency authority to "abrogate, add to, or modify" the entity's rules if it wishes.  2023 WL 2336726, at *5-7.  The court noted that these features mirror the relationship between the Commission and self-regulatory organizations (SROs) under the securities laws, which courts have consistently upheld against attack on private non-delegation grounds.  *Id.* at *5, 7.

      AFBR errs in asserting that this analysis somehow compels the conclusion that Nasdaq's listing standards are state action.  A private entity may play a role in a federal regulatory scheme as long as it "function[s] subordinately" to a federal actor, *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 399 (1940), but private conduct does not become *state action* simply by virtue of being "heavily regulated," *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1932 (2019) (quotation omitted).  Rather, state action turns on whether the specific allegedly unconstitutional action is "fairly attributable to the State."  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  Courts have consistently held that SROs are private actors, whose independently-initiated actions are not fairly attributable to the Commission.  SEC Br. 39-42, 49-50.

Mr. Cayce, Clerk
Page 2

      Nothing in *Oklahoma* warrants a different conclusion. The Commission did not exercise its authority to "abrogate, add to, and delete" from exchange rules, 15 U.S.C. 78s(c), here—the challenged listing standards were independently formulated and proposed by Nasdaq, and petitioners' claims arise from Nasdaq's choices. Under longstanding precedent, the Commission's approval does not convert Nasdaq's listings standards into state action. SEC Br. 42-44.

                                                            Respectfully submitted,

                                                            /s/ Daniel E. Matro
                                                            Daniel E. Matro
                                                            *Counsel for Respondent*
                                                            *Securities and Exchange Commission*

cc:    All Counsel Via CM/ECF

## **CERTIFICATE OF COMPLIANCE**

I certify that this motion complies with the type-volume limitation set forth in Federal Rule of Appellate Procedure 27(d)(2)(a) because it contains 129 words, excluding the parts of the motion exempted by Federal Rule of Appellate Procedure 32(f).

I also certify that this motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface—Garamond, 14 point—using Microsoft Word.

/s/ Daniel E. Matro
Daniel E. Matro

March 22, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that, on March 22, 2023, I electronically filed the foregoing motion with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit using the Court's CM/ECF system, which will send notice to all the parties.

                                                /s/ Daniel E. Matro
                                                Daniel E. Matro

March 22, 2023