

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

| | |
|---|---|
| **OFFICE OF THE<br>GENERAL COUNSEL** | Daniel E. Matro<br>202-551-8248<br>matrod@sec.gov |

March 22, 2023

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   *Alliance for Fair Board Recruitment et al. v. SEC* (No. 21-60626)

Dear Mr. Cayce:

     Respondent Securities and Exchange Commission writes in response to petitioner Alliance for Fair Board Recruitment's letter regarding *Oklahoma v. United States*, No. 22-5487, 2023 WL 2336726 (6th Cir. Mar. 3, 2023). Contrary to AFBR's assertion, the decision has no bearing on the state action issue in this case.

     In *Oklahoma*, the Sixth Circuit rejected a private non-delegation challenge to a statute that assigns a role to a private entity in a federal regulatory scheme because (1) the entity's proposed rules are subject to a federal agency's approval for consistency with the statute and (2) the statute separately grants the agency authority to "abrogate, add to, or modify" the entity's rules if it wishes. 2023 WL 2336726, at *5-7. The court noted that these features mirror the relationship between the Commission and self-regulatory organizations (SROs) under the securities laws, which courts have consistently upheld against attack on private non-delegation grounds. *Id.* at *5, 7.

     AFBR errs in asserting that this analysis somehow compels the conclusion that Nasdaq's listing standards are state action. A private entity may play a role in a federal regulatory scheme as long as it "function[s] subordinately" to a federal actor, *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 399 (1940), but private conduct does not become *state action* simply by virtue of being "heavily regulated," *Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1932 (2019) (quotation omitted). Rather, state action turns on whether the specific allegedly unconstitutional action is "fairly attributable to the State." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999). Courts have consistently held that SROs are private actors, whose independently-initiated actions are not fairly attributable to the Commission. SEC Br. 39-42, 49-50.

Mr. Cayce, Clerk
Page 2

      Nothing in *Oklahoma* warrants a different conclusion. The Commission did not exercise its authority to "abrogate, add to, and delete" from exchange rules, 15 U.S.C. 78s(c), here—the challenged listing standards were independently formulated and proposed by Nasdaq, and petitioners' claims arise from Nasdaq's choices. Under longstanding precedent, the Commission's approval does not convert Nasdaq's listings standards into state action. SEC Br. 42-44.

      Respectfully submitted,

/s/ Daniel E. Matro
Daniel E. Matro
*Counsel for Respondent*
*Securities and Exchange Commission*

cc:    All Counsel Via CM/ECF