

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C. 20549

| | |
|---|---|
| **OFFICE OF THE<br>GENERAL COUNSEL** | **John R. Rady**<br>202-551-4997<br>radyjo@sec.gov |

July 27, 2023

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   *Alliance for Fair Board Recruitment et al. v. SEC* (No. 21-60626)

Dear Mr. Cayce:

Respondent Securities and Exchange Commission writes in response to AFBR and NCPPR's Rule 28(j) letters.

In litigation involving whether FINRA hearing officers must be appointed and removable in compliance with Article II of the Constitution—claims not raised here—the D.C. Circuit in *Alpine Securities* granted Alpine's emergency motion for an injunction pending appeal. The unpublished order contained no reasoning, and one judge indicated he would deny the motion. Writing for himself, and emphasizing the preliminary nature of the determination, Judge Walker stated that these officers appear similar to administrative law judges previously held to be Officers of the United States, and were likely subject to these constitutional requirements. He reasoned that it "[p]robably" did not matter that they are employees of a private corporation because, among other things, FINRA's "enforcement activities are controlled by the government."

AFBR claims that Judge Walker's reasoning supports its contention that the challenged rules are state action, but nothing compelled Nasdaq to propose them. Instead, Nasdaq submitted a proposal that the Commission determined met specific statutory requirements. Commission Br. 42–49. And while Nasdaq "function[s] subordinately" to the Commission and the Commission "has authority and surveillance over [its] activities," *State v. Rettig*, 987 F.3d 518, 532 (5th Cir. 2021) (quotations omitted), that demonstrates compliance with the private non-delegation doctrine, not that Nasdaq is a state actor. Commission Br. 42. Judge Walker's unpublished statement stating his preliminary views on a separate issue does not

undermine the numerous decisions concluding that self-regulatory organizations like FINRA or Nasdaq are not state actors (Commission Br. 41) or change that these entities lack the necessary "combination of…unique factors" to be so considered. *Dep't of Transp. v. Ass'n of Am. R.Rs.*, 575 U.S. 43 (2015); *see* Commission Br. 40–42.

Because the Board Diversity Rules are not state action, they are not subject to constitutional scrutiny.  But even if they were, neither *Students for Fair Admissions* nor *303 Creative* suggests that these rules violate the First Amendment or Fifth Amendment:  The rules merely require factual disclosures and allow companies to craft their own messages.  Commission Br. 51–57.

Respectfully submitted,

/s/ John R. Rady
John R. Rady
*Counsel for Respondent*
*Securities and Exchange Commission*

cc:   All Counsel Via CM/ECF