## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

ALLIANCE FOR FAIR BOARD
RECRUITMENT, *et al.*,

*Petitioners,*

v.                                                      No. 21-60626

SECURITIES AND EXCHANGE
COMMISSION,

*Respondent,*

NASDAQ STOCK MARKET, L.L.C.,

*Intervenor.*

## OPPOSITION TO SEC'S MOTION FOR EXTENSION OF TIME
## TO FILE RESPONSE TO EN BANC PETITIONS

This case was docketed in August 2021, argued in August 2022, and

decided by the panel in October 2023. Petitioner Alliance for Fair Board

Recruitment ("Alliance") filed its petition for rehearing en banc just seven

days after the panel's opinion was issued. Petitioner National Center for

1

Public Policy Research later filed its own petition for rehearing, raising many similar arguments.

The Court promptly called for a response to those petitions and required the response to be filed within ten days. Respondent Securities and Exchange Commission now asks for a fourteen-day extension on top of that time.

The Court should deny the motion for several reasons.

*First*, time is of the essence in this case because entities subject to the SEC-approved race-and-sex quota rule are now under the gun to begin discriminating. The first effective date for the SEC's rule was August 12, 2023, with the reporting compliance dates slightly later as each affected company's filing deadlines arise. *See Self-Regulatory Organizations; The Nasdaq Stock Market LLC; Order Approving Proposed Rule Changes, as Modified by Amendments No. 1, To Adopt Listing Rules Related to Board Diversity and To Offer Certain Listed Companies Access to a Complimentary Board Recruiting Service*, 86 Fed. Reg. 44,424, 44,434 n.141 (Aug. 12, 2021).

Because the rule has taken effect, companies must begin discriminating *now* so they can timely report their compliance with the rule. That means harm is ongoing not just to those companies that do not wish to be a part of government-enforced race and sex discrimination and also First Amendment violations, but also to board candidates like members of the Alliance, whose applications will be judged on an uneven playing field because of their race and sex. The Alliance declined to seek emergency relief in this case because it was filed two years in advance of the effective date of the challenged rule, but the case has dragged on so long that the rule is now fully in effect and causing pernicious damage. There is no basis for further delay.

This Court routinely maintains tight timelines for rehearing filings in cases that implicate important timing considerations. *See, e.g.*, Order, *Petteway v. Galveston Cnty.*, No. 23-40582 (5th Cir. Nov. 3, 2023) (requiring a response to en banc petition within 72 hours of the Court's order); Order, *Hopkins v. Hosemann*, No. 19-60662 (5th Cir. Aug. 9, 2023) (Dennis, J.) (denying motion for 14-day extension to file petition for rehearing); *Tesla, Inc. v. NLRB*, No. 21-60285 (5th Cir. May 30, 2023)

3

(Dennis, J.) (denying motion for 14-day extension to file response to petition for rehearing en banc, after declining to rule for 11 days on the motion); *cf. Brackeen v. Bernhardt*, No. 18-11479 (5th Cir. Oct. 4, 2019) (Dennis, J.) (granting 8-day extension rather than the requested 14-day extension to respond to en banc petition).

*Second*, the SEC complains that it has "only eight full business days in which to engage in the necessary consultation, drafting, review, and revision process," Motion 2, but the Alliance's petition for rehearing was filed four weeks ago, and Petitioner National Center for Public Policy Research's petition raises many of the same issues. The SEC has thus already had far more time than is typical to review the opposing parties' arguments for rehearing and begin preparing a response. Nor can the SEC claim any surprise that the Court called for a response, as the panel opinion resolved matters of considerable importance and also distinguished several Fifth Circuit cases that Petitioners argued were binding precedent.

## CONCLUSION

Given the urgent time sensitivities in this case and the lengthy amount of time the SEC has already had to review the lead petition for rehearing, the Court should deny the SEC's motion.

Dated: November 29, 2023       Respectfully submitted,

/s/ Jonathan Berry
JONATHAN BERRY
  *Counsel of Record*
R. TRENT MCCOTTER
MICHAEL BUSCHBACHER
JARED M. KELSON
BOYDEN GRAY PLLC
801 17th St NW, #350
Washington, DC 20006
(202) 955-0620
jberry@boydengray.com

*Counsel for Lead Petitioner*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 29, 2023, I electronically filed the foregoing document with the Clerk of this Court by using the CM/ECF system, which will serve all parties automatically.

/s/ Jonathan Berry
Jonathan Berry

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this document complies with the word limit of Fed. R. App. P. 27(d)(2)(A), excluding the parts of the document exempted by Fed. R. App. P. 32(f), because this document contains 615 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook font.

/s/ Jonathan Berry
Jonathan Berry