No. 21-60626

# In the United States Court of Appeals for the Fifth Circuit

Alliance for Fair Board Recruitment,
National Center for Public Policy Research,

*Petitioners,*

*v.*

Securities and Exchange Commission,

*Respondent.*

Petition for Review from an Order
of the Securities and Exchange Commission

**UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF OF PROPOSED AMICUS CURIAE PROFESSOR SEAN J. GRIFFITH IN SUPPORT OF PETITIONERS**

> Heather Gebelin Hacker
> Hacker Stephens LLP
> 108 Wild Basin Road South
> Suite 250
> Austin, Texas 78746
> (512) 399-3022 (phone)
> heather@hackerstephens.com
>
> *Counsel for Amicus Curiae*

# Certificate of Interested Persons

No. 21-60626

ALLIANCE FOR FAIR BOARD RECRUITMENT,
NATIONAL CENTER FOR PUBLIC POLICY RESEARCH,
*Petitioners*,

*v.*

SECURITIES AND EXCHANGE COMMISSION,
*Respondent.*

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

| **Petitioners** | **Counsel** |
|---|---|
| • Alliance for Fair Board Recruitment | Boyden Gray & Associates<br>• R. Trent Cotter<br>• Jonathan Berry<br>• Michael Buschbacher<br>• Jordan E. Smith |
| • National Center for Public Policy Research | The New Civil Liberties Alliance<br>• Margaret A. Little<br>• Sheng Li |

| **Respondent** | **Counsel** |
|---|---|
| - Securities and Exchange Commission | Securities and Exchange Commission<br>- Dan M. Berkowitz<br>- Michael A. Conley<br>- Tracey A. Hardin<br>- Daniel E. Matro<br>- John R. Rady |
| **Intervenor** | **Counsel** |
| - Nasdaq Stock Market, LLC | Gibson, Dunn & Crutcher LLP<br>- Allyson N. Ho<br>- Bradley G. Hubbard<br>- Amir C. Tayrani<br>- Amalia E. Reiss<br>- Paulette Miniter<br><br>Ballard Spahr LLP<br>- Burt M. Rublin<br>- Stephen J. Kastenberg<br>- Paul Lantieri III<br>- Peter F. Andrews<br>- Seth D. Berlin<br><br>Nasdaq Stock Market, LLC<br>- John Zecca<br>- Jeffrey S. Davis<br>- John Yetter<br>- Joanne Pedone |
| *Amicus Curiae* | **Counsel** |
| - Professor Sean J. Griffith | Hacker Stephens LLP<br>- Heather Gebelin Hacker |

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER
*Counsel for Amicus Curiae*

Pursuant to Federal Rule of Appellate Procedure 29 and Fifth Circuit Rule 29, proposed *amicus curiae* Professor Sean Griffith hereby moves for leave to file the attached brief in support of Petitioners and makes the showing required by Federal Rule of Appellate Procedure 29(a)(3)(A) and (B) below. Counsel for proposed *amicus curiae* conferred with counsel for Petitioners, Respondent, and Intervenor regarding this Motion. All parties have consented to the filing of this brief.

## I.  Interest of Proposed *Amicus Curiae*

Proposed *amicus curiae* Sean Griffith is the T.J. Mahoney Chair in Business Law at Fordham Law School and the Director of the Fordham Corporate Law Center. Professor Griffith is an expert in corporate and securities law. He has taught at Columbia Law School, the University of Connecticut School of Law, New York University School of Law, and the University of Pennsylvania Law School. Professor Griffith received his law degree *magna cum laude* from the Harvard Law School, where he was a John M. Olin Fellow in Law and Economics. Professor Griffith has published dozens of books, chapters, and journal articles on corporate and securities law. These include a recently published article addressing the First Amendment issues arising from Securities and Exchange Commission (SEC) rules requiring companies to disclose environmental, social, and governance (ESG) matters as well as a draft article examining the First Amendment rights of corporations. Professor Griffith thus has specific expertise in the issues raised by the parties in this case.

## II. The Proposed Amici Curiae Brief Is Desirable and the Matters Asserted Are Relevant to the Disposition of the Case.

A. This case involves important issues, as indicated by the fact that the Court granted the petition for rehearing en banc. Several *amici curiae* briefs have already been filed. The participation of proposed *amicus curiae* in support of Petitioners will therefore be useful to the Court because the brief will add further information and discussion relevant to the issues here. In particular, the brief focuses in detail on the First Amendment issues and also addresses new precedent in that area from a panel of this Court. *See* Proposed Brief at 8-11 (discussing circuit split and the recent decision in *R.J. Reynolds Tobacco Co. v. Food & Drug Admin.*, No. 23-40076, 2024 WL 1208111 (5th Cir. Mar. 21, 2024)). Application of the First Amendment depends upon state action, but because the state action arguments are thoroughly addressed by petitioners, this proposed amicus brief limits itself to the First Amendment question.

B. Professor Griffith, as *amicus curiae*, files this proposed brief to respond to arguments made at the panel stage by the Securities and Exchange Commission ("SEC") regarding the application of the First Amendment to the Board Diversity Rules. The SEC claims that the Board Diversity Rules do not violate the First Amendment. But the SEC's argument mischaracterizes the doctrine and applies the wrong standard of judicial review to the facts of this case.

The proposed brief explains how First Amendment doctrine applies to securities law generally and to the Board Diversity Rules in particular. There is no special standard of deference for securities regulation under the First Amendment. Rather,

2

application of a lesser standard of judicial review depends upon whether the regulation meets the requirements of the commercial speech doctrine. Under that doctrine, less exacting scrutiny is available for mandatory disclosures only if both (1) the disclosure rule is aimed at preventing consumers from being misled and (2) the resulting disclosures are "purely factual and uncontroversial." The proposed brief explains that the Board Disclosure Rules at issue here satisfy neither of these tests. Instead, they thrust corporations into contentious debates over questions of race, gender, and sexual orientation. The disclosures are also controversial by reference to the basic purpose of the commercial speech paradigm, which seeks to protect consumers or, in the context of securities regulation, investors.

Because the Rules fail to qualify for less exacting scrutiny under the commercial speech paradigm, they should be judged under the standard of strict scrutiny. As the brief argues, strict scrutiny is the appropriate standard because the rules target ideological expression, the core interest protected by the First Amendment, and because the rules engage in viewpoint discrimination. But the Board Diversity Rules would fail even under the commercial speech doctrine's standard of intermediate scrutiny, as the brief further explains.

## Conclusion

For the foregoing reasons, the Court should grant the unopposed motion for leave and direct the Clerk to file the attached brief of proposed *amicus curiae* Professor Sean Griffith.

Respectfully submitted.

/s/Heather Gebelin Hacker
Heather Gebelin Hacker
Hacker Stephens LLP
108 Wild Basin Rd. South, Suite 250
Austin, Texas 78746
(512) 399-3022 (phone)
heather@hackerstephens.com

*Counsel for Proposed Amicus Curiae
Professor Sean Griffith*

### Certificate of Conference

On March 21, 2024, the undersigned conferred by e-mail with counsel for Petitioners, Respondent, and Intervenor regarding this Motion. As noted in the brief, all parties consented to its filing.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER

### Certificate of Service

On March 28, 2024, this motion was served via CM/ECF on all registered counsel and transmitted to the Clerk of the Court. Counsel further certifies that: (1) any required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1.

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER

### Certificate of Compliance

This brief complies with: (1) the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 747 words, excluding the parts exempted by Rule 27(a)(2)(B); and (2) the typeface and type style requirements of Rule 27(d)(1)(E) because it has been prepared in a proportionally spaced typeface (14-point Equity) using Microsoft Word (the program used for the word count).

/s/ Heather Gebelin Hacker
HEATHER GEBELIN HACKER