No. 21-60626
_____

# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT
_____

ALLIANCE FOR FAIR BOARD RECRUITMENT;
NATIONAL CENTER FOR PUBLIC POLICY RESEARCH,

*Petitioners*,

v.

SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.
_____

On Petition for Review of an Order of the
Securities and Exchange Commission
_____

**CONSENT MOTION OF BETTER MARKETS, INC., FOR
LEAVE TO FILE A BRIEF AS AMICUS CURIAE IN SUPPORT
OF RESPONDENT AND DENIAL OF THE PETITION FOR REVIEW**
_____

JOHN PAUL SCHNAPPER-CASTERAS
  *COUNSEL OF RECORD*
SCHNAPPER-CASTERAS PLLC
1717 K Street NW, Suite 900
Washington, DC 20006
(202) 630-3644
jpsc@schnappercasteras.com
*Counsel for Amicus Curiae*

Dated: May 6, 2024

## SUPPLEMENTAL CERTIFICATE OF INTERESTED PERSONS
## No. 21-60626, Alliance for Fair Board Recruitment et al. v. SEC

The undersigned counsel of record certifies that, in addition to the persons and entities listed in the parties' briefs, the following additional persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

Amicus curiae Better Markets, Inc., ("Better Markets") is a non-profit organization founded to promote the public interest in the financial markets. It advocates for greater transparency, accountability, and oversight in the financial system. Better Markets has no parent corporation and no publicly held corporation owns 10% or more of its stock.

Better Markets is represented by John Paul Schnapper-Casteras of Schnapper-Casteras PLLC, 1717 K Street NW, Suite 900, Washington, DC 20006.

*/s/ John Paul Schnapper-Casteras*
John Paul Schnapper-Casteras
Counsel for Better Markets

## MOTION

Pursuant to Fifth Circuit Rule 29.1 and Federal Rule of Appellate Procedure 29(a)(3), Better Markets, Inc. ("Better Markets") hereby moves for leave to file the accompanying amicus curiae brief in support of Respondent Securities Exchange Commission ("SEC") and in support of denial of the petition for review. The parties have consented to the filing of the brief.

## GROUNDS FOR MOTION AND ARGUMENT

Better Markets should be granted leave to file the accompanying brief because (1) it has a strong interest in this case; (2) the filing of the brief is desirable as it can assist the Court by providing analysis that is relevant to the disposition of the case but not fully presented in the parties' briefs; and (3) the motion is timely and unopposed.

1. <u>Better Markets has a strong interest in this case.</u>

Better Markets is a nonprofit, nonpartisan organization that promotes the public interest in the financial markets through participation in the rulemaking process at the financial regulatory agencies, Congressional testimony, *amicus curiae* briefs, independent research, and public advocacy. It advocates for reforms that stabilize our financial system, prevent financial crises, and protect investors and consumers from fraud and abuse. Its goals include strong investor protections and

disclosure requirements to ensure that our securities markets foster fair, transparent, and efficient capital formation.

Better Markets has a strong interest in this case because the petitioners seek to nullify the SEC's approval of an important disclosure rule ("Rule") that serves the interests of investors and promotes transparency in the securities markets. The Rule provides investors with information to facilitate their evaluation of companies in which they might invest by requiring that Nasdaq-listed companies disclose information regarding the diversity of their boards of directors. It also requires that listed companies either have at least two directors who are diverse or simply disclose, in whatever manner they choose, why they do not have two such directors. *See generally Order Approving Proposed Rule Changes, as Modified by Amendment No. 1, To Adopt Listing Rules Related to Board Diversity and To Offer Certain Listed Companies Access to a Complimentary Board Recruiting Service*, 86 Fed. Reg. 44,424 (Aug. 12, 2021).

Petitioners' central attack is that the SEC lacked the authority to approve the Rule because, they say, it is designed to further certain social policy goals rather than provide investors with material information. As demonstrated in the accompanying brief, neither this claim nor any of the petitioners' other arguments predicated on the First Amendment or the Rule's effect on competition have merit. Most importantly, the SEC has broad authority to require the disclosure of information that helps

investors make investment decisions and vote their proxies, and that is what the Rule does. It does not require that any company change the composition of its board of directors; it only requires companies to disclose information about their existing boards.

If accepted, the petitioners' attempt to cast the Rule as somehow at odds with the purposes of the Exchange Act—which was written above all to promote full and fair disclosure to investors—would strike a major blow against investor protection and transparency in the securities markets. It would not only deprive investors of the specific disclosures in the Rule that many investors clearly want but also substantially restrict the SEC's ability to promulgate or approve further disclosure rules, across a broad range of topics, that it deems necessary and appropriate for the benefit of investors. Better Markets therefore seeks to defend the SEC's approval of the Rule as well its authority more generally to establish appropriate disclosure requirements.

2. <u>Better Markets' proposed brief is desirable and offers analysis that is relevant to the disposition of the case yet not fully developed by the parties.</u>

The accompanying brief presents arguments drawing on Better Markets' extensive knowledge surrounding the securities laws, the central role of disclosure in the securities markets, the scope of the SEC's authority to promulgate rules or approve the rules of the self-regulatory organizations, and the public policy

implications raised in this case, beyond the arguments provided in the parties' briefs. For example, in the proposed brief, Better Markets highlights why investors would regard information about corporate board diversity as important, not only because investors may wish to consider that information in assessing the financial prospects of a company but also because they may see the information as relevant to the likelihood that a company will contribute to behavior that has systemic stability implications, a factor not elucidated in the parties' briefs.

    3.    <u>This motion is timely and unopposed</u>.

This motion is timely, as it is filed within 7 days after the filing of the principal brief of the party whose position the amicus brief will support, in this instance, the SEC. *See* FIFTH CIR. R. 29.1. Finally, counsel for Better Markets contacted all parties through their counsel, including the intervenor, The Nasdaq Stock Market, L.L.C., and they each consented to this motion.

## **RELIEF SOUGHT**

For the foregoing reasons, Better Markets respectfully requests that it be granted leave to file the accompanying amicus curiae brief.

| | |
|---|---|
| Dated: May 6, 2024 | */s/ John Paul Schnapper-Casteras* <br> JOHN PAUL SCHNAPPER-CASTERAS <br>   *COUNSEL OF RECORD* <br> SCHNAPPER-CASTERAS PLLC <br> 1717 K Street NW, Suite 900 <br> Washington, DC 20006 <br> (202) 630-3644 <br> jpsc@schnappercasteras.com <br> *Counsel for Amicus Curiae* |

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2) because it contains a total of 842 words, excluding the parts exempted by Federal Rule of Appellate Procedure 27(d)(2).

This motion complies with the typeface and type style requirements of Federal Rule of Appellate Procedure 27(d)(1)(E), 32(a)(5), and 32(a)(6) because it was prepared in a proportionally spaced typeface using Microsoft Office Word, 14-point Times New Roman font.

Dated: May 6, 2024                                       */s/ John Paul Schnapper-Casteras*
                                                                          JOHN PAUL SCHNAPPER-CASTERAS
                                                                          *Counsel for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024, I electronically filed the foregoing motion, with the accompanying proposed amicus curiae brief, with the Clerk of the Court of the United States Court of Appeals for the Fifth Circuit using the appellate CM/ECF system. I certify that all participants in the case who are registered CM/ECF users will be served by the CM/ECF system.

Dated: May 6, 2024                            */s/ John Paul Schnapper-Casteras*
                                              JOHN PAUL SCHNAPPER-CASTERAS
                                              *Counsel for Amicus Curiae*