

**UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, D.C. 20549**

| | |
|---|---|
| **Office of the**<br>**General Counsel** | Daniel E. Matro<br>202-551-8248<br>matrod@sec.gov |

May 10, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:    *Alliance for Fair Board Recruitment et al. v. SEC* (No. 21-60626)

Dear Mr. Cayce:

      We write in response to AFBR's Rule 28(j) letter regarding *Macquarie Infrastructure Corp. v. Moab Partners, L.P.*, 601 U.S. 257 (2024).

      In *Macquarie*, the Supreme Court confirmed that plaintiffs can "bring [Rule 10b-5(b)] claims based on . . . violations" of Commission disclosure rules "that create misleading half-truths."  601 U.S. at 266.  That holding is irrelevant to whether Nasdaq's rules are consistent with the Exchange Act.

      AFBR misreads *Macquarie* as creating a "safe harbor for silence," but the Court considered only "pure omissions"—where "circumstances do not give any particular meaning to . . . silence," *id*. at 263—and declined to address whether even those omissions may be actionable under Rules 10b-5(a) and 10b-5(c).  *Id.* at 266 n.2.  Regardless, Rule 10b-5(b)'s prohibition on materially misleading investors (with scienter) lends no support to AFBR's claim that Nasdaq's rules impose a diversity quota.

      The Commission reasonably found, based on substantial evidence, that the rules establish a disclosure-based framework, not a quota.  *See* SEC Supp. Br. 25-27; Nasdaq Supp. Br. 48-49; *All. for Fair Bd. Recruitment v. SEC*, 85 F.4th 226, 254-55 (5th Cir. 2023), *vacated*, 2024 WL 670403 (5th Cir. Feb. 19, 2024); *see also* Prof. Grundfest En Banc Amicus Br. 4-9 (explaining that petitioners' contrary arguments "dramatically and strategically distort what the Rules actually require").

Mr. Cayce, Clerk
Page 2

     Real-world experience confirms that—contrary to AFBR's premise—Nasdaq-listed companies have had no trouble complying with the explanation requirement and their explanations provide investors with useful information. *See* Listed Companies En Banc Amicus Br. 10-15. Companies have explained, for example, that they select directors based on merit "regardless of any other factors such as sex, gender, gender expression, race, color, creed, age, disability, sexual orientation, nationality, national origin, ethnic[ity], language and religion"; that they "do[] not believe the qualifications of an individual to serve on our board should be defined by any one diversity characteristic"; and that they "d[o] not believe it is appropriate to select nominees through mechanical application of specified criteria." *Id.* at 12-13 (quotations omitted). There is no evidence these companies have faced any harm. *Id.* at 15.

                Respectfully submitted,

                Tracey A. Hardin
                Assistant General Counsel

                <u>/s/ Daniel E. Matro</u>
                Daniel E. Matro
                Senior Appellate Counsel

                *Counsel for Respondent*
                *Securities and Exchange Commission*

cc:    All Counsel Via CM/ECF