**GIBSON DUNN**

Allyson N. Ho
Partner
T: +1 214.698.3233
M: +1 703.655.9065
aho@gibsondunn.com

July 24, 2024

<u>VIA CM/ECF</u>

Lyle W. Cayce
Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 South Maestri Place, Suite 115
New Orleans, Louisiana 70130

Re:   *Alliance for Fair Board Recruitment v. SEC*, No. 21-60626

Dear Mr. Cayce:

Intervenor The Nasdaq Stock Market LLC writes in response to the Court's order directing the parties to address two questions: (1) whether the deadline for companies to request access to a board-recruiting service for a one-year period under Nasdaq's Board Recruiting Service Rule expired on December 1, 2023; and (2) whether any justiciability consequences follow from that fact.  The answer to both questions is yes.

**1.**     Yes, the deadline expired.  The Rule required companies to request one year of complimentary access to the board-recruiting service on or before December 1, 2022, JA173, and the deadline was later extended to December 1, 2023.  87 Fed. Reg. 63,113 (Oct. 18, 2022).  Given that the deadline has passed, no Nasdaq-listed company may now request the service.  Additionally, only *one* company currently receives the board-recruiting service.  That company's one-year complimentary access ends September 30, 2024.  Nasdaq completed its final payment to the service vendor to cover the cost of the complimentary service in February 2024.

**2.**     Yes, these developments affect the justiciability of petitioners' challenge to the Board Recruiting Service Rule.  As of October 1, 2024, petitioners' challenge to the Board Recruiting Service Rule will be moot because (1) no company can request the complimentary service going forward, (2) the only company receiving the service will no longer have complimentary access starting October 1, and (3) Nasdaq has already paid the vendor for that company's complimentary service.

A case "usually becomes moot if the challenged law has expired" because "there is nothing injuring the plaintiff and, consequently, nothing for the court to do."  *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020); *see also Franciscan All., Inc. v. Becerra*, 47 F.4th 368, 374–75 (5th Cir. 2022) (APA challenge moot because the Court was "unable to provide relief beyond" what the plaintiffs already received).  That's especially true for rules with "automatic

**GIBSON DUNN**

July 24, 2024
Page 2

expiration[s]" because the "lapse was predetermined and thus not a response to litigation." *Spell*, 962 F.3d at 179.

Accordingly, petitioners' challenge to the Board Recruiting Service Rule will be moot as of October 1. The Rule—which, as an initial matter, didn't proscribe or require any conduct from Nasdaq-listed companies, *see* Nasdaq Br. 69—no longer allows companies to request the complimentary service because the deadline to do so has passed. And, as of October 1, no company will be receiving the complimentary service. So, as of that date, petitioners will have the relief they seek: no company may request the service, and no company will be receiving the service. The Rule's expiration "foreclose[s] any meaningful relief that would flow from" vacating the Rule. *Bayou Liberty Ass'n v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 398 (5th Cir. 2000). As this Court has put it, there will be "nothing injuring the [petitioners] and, consequently, nothing for the court to do." *Spell*, 962 F.3d at 179.

Indeed, petitioners' challenge to the Board Recruiting Service Rule may well already be moot because vacatur of the Rule would not redress any alleged injury to petitioners. To the extent that petitioners' purported harm stems from Nasdaq's paying the vendor or from the mere fact that one company will continue to receive the service through September 30 and that other companies have received the service in the past, this Court can't redress that harm. Nasdaq has fully paid the vendor supplying the complimentary service, and neither the vendor providing the service nor the company receiving it is before the Court. Vacatur, which is the only remedy that petitioners seek, can't undo any company's receipt of the complimentary service, nor can it undo Nasdaq's payment to the vendor. So vacatur can't reverse "an outcome that has already come to pass." *Am. Stewards of Liberty v. Dep't of Interior*, 960 F.3d 223, 231 (5th Cir. 2020). Because there's nothing left for the Court to redress, the challenge to the Board Recruiting Service Rule is likely moot now and will unquestionably be moot as of October 1.

Respectfully submitted,

*Allyson N. Ho*

Allyson N. Ho
*Counsel for Intervenor*
*The Nasdaq Stock Market LLC*