

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
100 F Street, N.E.
Washington, D.C.  20549

| | |
|---|---|
| **Office of the** <br> **General Counsel** | **Daniel E. Matro** <br> 202-551-8248 <br> matrod@sec.gov |

July 25, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

Re:   *Alliance for Fair Board Recruitment et al. v. SEC* (No. 21-60626)

Dear Mr. Cayce:

The Securities and Exchange Commission respectfully submits this letter brief in response to the Court's July 18, 2024 request that the parties address (1) the accuracy of the Court's description of Nasdaq's Board Recruiting Service Rule ("the Rule") and (2) any justiciability consequences that flow from it.

***Question 1***.  The Court's description of the Rule is accurate.  The Rule, codified in Nasdaq's rulebook as Rule IM-5900-9, offers certain Nasdaq-listed companies one year of optional, complimentary access to a board recruiting service to help identify and evaluate diverse board candidates.  JA2-3.  As approved by the Commission in August 2021, the Rule permitted eligible listed companies until December 1, 2022, to request access to the service for a one-year period.  JA14 n.185.

On October 4, 2022, Nasdaq filed with the Commission a proposed rule change to extend until December 1, 2023 the deadline by which eligible companies could request access to the board recruiting service.  87 Fed. Reg. 63113, 63113 (Oct. 18, 2022).  The proposed rule change became effective immediately upon filing pursuant to Section 19(b)(3)(A) of the Securities Exchange Act of 1934, 15 U.S.C. 78s(b)(3)(A), and Rule 19b-4(f)(6) thereunder, 17 C.F.R. 240.19b-4(f)(6).  *See* 87 Fed. Reg. at 63114.  As required by Section 19(b), the Commission published notice of the immediately effective proposed rule change and sought public comment.  *Id.* at 63114-15.  The Commission "summarily may temporarily suspend" an immediately effective proposed rule change within 60 days and institute proceedings to determine its consistency with the Act, 15 U.S.C. 78s(b)(3)(C), but no party commented on

Mr. Cayce, Clerk
Page 2

Nasdaq's proposed rule change, and the Commission did not exercise its discretion to suspend it and institute proceedings.

**Question 2.** NCPPR's challenge to the Board Recruiting Service Rule is no longer justiciable. Under Article III of the Constitution, "[t]here must be a case or controversy through all stages of a case." *Yarls v. Bunton*, 905 F.3d 905, 909 (5th Cir. 2018) (quotation omitted). "A case becomes moot—and therefore no longer a 'Case' or 'Controversy' for purposes of Article III—when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* (quotation omitted). Consequently, "any set of circumstances that eliminates actual controversy after the commencement of a lawsuit renders that action moot." *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831-32 (5th Cir. 2023) (quotation omitted). A case becomes moot, for example, "when intervening circumstances render the court no longer capable of providing meaningful relief to the plaintiff." *Ass'n of Am. Physicians & Surgeons Educ. Found. v. Am. Bd. of Internal Med.*, 103 F.4th 383, 395 (5th Cir. 2024) (quotation omitted). Mootness thus applies when a challenged regulation has "expire[d] by its own terms." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020).

The facts summarized in the Court's request establish that NCPPR's challenge to the Rule is moot. NCPPR's only argument for its standing to bring that challenge was that Nasdaq's "offering of" a board recruiting service increased the likelihood that one of the 30 Nasdaq-listed companies in which NCPPR holds shares would nominate a director based on race or gender. *See* NCPPR Panel Br. 10; NCPPR Panel Reply Br. 2-4; NCPPR Decl. of Scott Shepard at i-iii. Even if that speculative, attenuated theory of injury sufficed for standing, *but see Murthy v. Missouri*, 144 S. Ct. 1972, 1986 (2024), the expiration of the offer means "there is nothing injuring [NCPPR] and, consequently, nothing for the court to do," *Spell*, 962 F.3d at 179. The service has not been available to new companies since December 1, 2023, and the theoretical possibility that a company in which NCPPR invests (1) requested the service before that deadline, (2) is still within its one-year eligibility period, and (3) might make a future board nomination decision that (4) is traceable to its use of the service and (5) injures NCPPR in a way that (6) is redressable by this Court is far too speculative a basis for justiciability. *See Murthy*, 144 S. Ct. at 1986 (plaintiff "bears the burden of . . . maintaining [standing]" through the lawsuit (quotation omitted)).

The additional information in Nasdaq's supplemental letter brief reinforces the conclusion that NCPPR's challenge is moot. According to Nasdaq, there is only one company currently receiving benefits under the Rule. *See* Nasdaq Supp. Letter Br. 1. Its one-year period of eligibility ends on September 30, 2024, and Nasdaq has already made all payments to the third-party service provider for that year of service. *Id.* Thus, to the extent NCPPR alleges a cognizable injury traceable to the provision of

Mr. Cayce, Clerk
Page 3

board recruiting services, such an injury is not redressable by this Court. Because NCPPR's only requested remedy—vacatur—would do nothing to prevent the service provider from rendering services that have already been paid for, it would provide no "meaningful relief" for the only theoretical source of injury to NCPPR remaining. *Bayou Liberty Ass'n v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 398 (5th Cir. 2000).

Neither of the two exceptions to the mootness doctrine applies. The "voluntary cessation" exception provides that "a defendant cannot automatically moot a case simply by ending its [allegedly] unlawful conduct once sued." *Spell*, 962 F.3d at 179 (quotation omitted). But this exception does not apply where, as here, a challenged regulation "expires by its own terms," because the cause of mootness in that case "was predetermined and thus not a response to litigation." *Id.*

Nor can NCPPR avoid mootness on the ground that its claim is "capable of repetition, yet evading review." That exception applies only in "exceptional situations," where a plaintiff can prove that "(1) the challenged action is in its duration too short to be fully litigated prior to cessation or expiration, and (2) there is a reasonable expectation that the [same] plaintiffs will be subject to the same action again." *Id.* at 180 (quotations and alterations omitted); *accord Yarls*, 905 F.3d at 911. Even if NCPPR could satisfy the first requirement, it cannot satisfy the second, which requires that NCPPR show a "demonstrated probability or reasonable expectation, not merely a theoretical possibility, that it will be subject to the same government action." *Lopez v. City of Houston*, 617 F.3d 336, 340 (5th Cir. 2010) (quotation omitted). Having allowed the Rule to expire, it is "speculative, at best," that Nasdaq would again seek and obtain Commission approval to offer the same board recruiting service, let alone do so in circumstances that harm NCPPR. *Spell*, 962 F.3d at 180.

Mr. Cayce, Clerk
Page 4

        Respectfully submitted,

        MEGAN BARBERO
        General Counsel

        MICHAEL A. CONLEY
        Solicitor

        TRACEY A. HARDIN
        Assistant General Counsel

        <u>/s/ Daniel E. Matro</u>
        DANIEL E. MATRO
        Senior Appellate Counsel
        Securities and Exchange
        Commission
        100 F Street, N.E.
        Washington, DC 20549
        (202) 551-8248 (Matro)

cc:    All Counsel Via CM/ECF