**BOYDEN GRAY PLLC**
801 17TH STREET NW, SUITE 350
WASHINGTON, DC 20006
(202) 955-0620

July 25, 2024

Honorable Lyle W. Cayce
Clerk of the Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place
New Orleans, LA 70130

Re:   *Alliance for Fair Board Recruitment v. SEC*, No. 21-60626

Dear Mr. Cayce:

    The Alliance for Fair Board Recruitment ("Alliance") respectfully submits this letter in response to the Court's July 18 letter directing additional briefing. For the reasons stated below, the Court should vacate the SEC's Order in its entirety regardless of whether a challenge limited to the Board Recruiting Service Rule would be justiciable.

    The Nasdaq Stock Market L.L.C.'s Board Recruiting Service Rule, which was approved by the SEC's Order, provides certain companies with a complimentary one-year subscription to a board-diversity recruiting service, JA3, and the one-year term for the service begins upon "initiation of the service," JA14 n.185. Nasdaq proposed the Board Recruiting Service Rule to "aid compliance" by companies with the diversity quotas in Nasdaq's Board Diversity Rule, reaffirming the purpose of both Rules to change the race- and sex-composition of corporate boards. JA171. The deadline for companies to request activation of the recruiting service was originally December 1, 2022, JA14 n.185, but was extended to December 1, 2023, 87 Fed. Reg. 63113 (Oct. 18, 2022).

    Accordingly, the Alliance agrees with the Court's "description of the recruiting-service provision." Letter from the Court at 2, *Alliance for Fair Board Recruitment v. SEC*, No. 21-60626 (5th Cir. July 18, 2024), ECF No. 513.

Page 2

The Court also asked about the "justiciability consequences, if any," of these deadlines. *Id.* According to Nasdaq, one company currently receives the recruiting service, and that company's subscription will expire on September 30, 2024. Nasdaq Letter at 1, *Alliance for Fair Board Recruitment v. SEC*, No. 21-60626 (5th Cir. July 24, 2024), ECF No. 517.

Even if a challenge to the Board Recruiting Service Rule would be considered moot after September 30, 2024, the SEC's Order—which approved both the Board Recruiting Service Rule *and* the Board Diversity Rule—still must be vacated in its entirety.

It is undisputed that the SEC's Order does not contain a severability clause. *See* AFBR.EnBanc.Br.50 n.6; AFBR.Op.Br.41 n.4. The Board Recruiting Service Rule and the Board Diversity Rule are also intertwined, with one intended to "aid compliance" with the other. JA171. Accordingly, the SEC has never disputed that if *any* aspect of the Order is invalid, the entirety must be vacated. *See, e.g.*, ACUS, Severability in Agency Rulemaking (June 29, 2019), https://perma.cc/WS2J-LUCE (cited at AFBR.EnBanc.Br.50 n.6).

That means the part of the SEC's Order approving the Board Recruiting Service Rule is not severable from the rest of the Order, including the Order's approval of the Board Diversity Rule's diversity quotas. The challenges to the quotas are undoubtedly justiciable, and those quotas are unlawful because they are unauthorized by the Exchange Act and violate the First and Fifth Amendments to the Constitution. AFBR.EnBanc.Br.10–69. Because that aspect is unlawful, the entire Order must be vacated, regardless of whether a challenge to another aspect—e.g., the Board Recruiting Service Rule—independently presents a live dispute.

          Respectfully Submitted,

          /s/ Jonathan Berry
*Counsel of Record for Petitioner*
*Alliance for Fair Board Recruitment*

BOYDEN GRAY PLLC
801 17th Street NW, Suite 350
Washington, DC 20006
(202) 955-0620
jberry@boydengray.com

cc:    All Counsel