New Civil Liberties Alliance

July 25, 2024

**VIA CM/ECF**

Lyle W. Cayce, Clerk of Court
U.S. Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

Re:   No. 21-60626 *Alliance for Fair Board Recruitment v. SEC,*
      *National Center for Public Policy Research v. SEC,* Agency No. 34-92590

Dear Mr. Cayce:

In response to the Court's letter of July 18, 2024, requesting letter briefs, Petitioner National Center for Public Policy Research responds as follows:

The Court's above-referenced letter has accurately described the recruiting-service provision, Nasdaq Rule IM-5900-9, the Board Diversity Service Rule. Our review of the current rule confirms that eligible Nasdaq companies that request access to this service by December 1, 2023, "will receive complimentary access for one-year from the initiation of the service."

The passage of the deadline for application for complimentary access to the service does not have consequences upon the justiciability of the challenge to the Board Diversity Rule. The challenge is neither moot nor otherwise non-justiciable because the challenge to the companion rules, Nasdaq Rules 5605 and 5606, which impose both a Demographic Disclosure Requirement and a Quota Requirement, is justiciable. Moreover, the Board Diversity Service Rule is conceptually and

practically intertwined with the other Rule under review by the Court. The Rules have no severability provision, so if the Court determines the Board Diversity Rule is unlawful for any reason, the proper remedy is to vacate the entire Order approving both Rules. Petitioner NCPPR advanced the argument that where such rules are conceptually and practically intertwined, they rise or fall together and must pass muster under the APA or be vacated. *See* NCPPR Opening Panel Brief at 13 n.4, 50-51 and NCPPR Opening En Banc Brief at 15, n.5, 17, 22, 53-54.

Recent Supreme Court and circuit decisions, including in this Circuit, confirm that vacatur is the appropriate remedy when SEC "has exceeded its statutory authority in adopting the … Rule." *Nat'l Ass'n of Priv. Fund Managers v. SEC*, No. 23-60471 (5th Cir. June 5, 2024).

> Under section 706 of the APA, when a court holds that an agency rule violates the APA, it "'shall'—not may—'hold unlawful and set aside' [the] agency action." *Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1022 (5th Cir. 2019) (citation omitted). Because the promulgation of the Final Rule was unauthorized, no part of it can stand. Accordingly, we VACATE the Final Rule.

*Id*. slip op. at 25.

Other circuits and the Supreme Court endorse this view. When an agency's action is unlawful, "vacatur is the normal remedy." *Allina Health Services v. Sebelius*, 746 F.3d 1102, 1110 (D.C. Cir. 2014). That's because Congress directed us to "hold unlawful and set aside agency action" that is "not in accordance with law[.]" 5 U.S.C. § 706(2)(A). "[T]o 'set aside' a rule is to vacate it." *Corner Post, Inc. v. Board of Governors*, No. 22-1008, slip op. at 6 (2024) (Kavanaugh, J., concurring); *see also id.* at 5 ("The APA prescribes the same 'set aside' remedy for all categories of 'agency action.'"); *Bridgeport Hospital v. Becerra*, No. 22-5249 (D.C. Cir., July 23, 2024 (Walker, J.) slip op, at pp. 15-16 and n. 6 (Vacatur is the normal and correct remedy for unlawful agency action and a rule "that exist[s] only as a 'subsidiary component … inextricably intertwined'" with the rule under challenge must also be vacated.)

Indeed, "[e]very circuit has recognized that the APA authorizes them to vacate a rule." E. Gaiser, M. Sridharan & N. Cordova, *The Truth of Erasure: Universal Remedies for Universal Agency Action* at 3, Chicago L. Rev. (forthcoming).[1]

---

[1] *Available at* https://papers.ssrn.com/sol3/papers.cfm?abstract_id=4830962.

Because "an agency literally has no power to act … unless and until Congress confers power upon it," citing *La. Pub. Serv. Comm'n v. FCC*, 476 U.S. 355, 374 (1986), "the Constitution not only permits, but requires, unlawful agency action to be subject to vacatur." *Id.* at 2, 13.

                                        Respectfully,

                                        /s/ *Margaret A. Little*
                                        Margaret A. Little, Senior Litigation Counsel
                                        Sheng Tao Li, Litigation Counsel
                                        NEW CIVIL LIBERTIES ALLIANCE
                                        1225 19th St. NW, Suite 450
                                        Washington, DC 20036
                                        Phone: (202) 869-5210
                                        Fax: (202) 869-5238
                                        peggy.little@ncla.legal
                                        sheng.li@ncla.legal
                                        *Counsel for Petitioner*
                                        *National Center for Public Policy Research*

cc: All counsel of record (service by ECF)